# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR418-260 |
| | ) | |
| ANDREW CAMPOS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant's assigned counsel, William M. Malone Hart, filed a motion to disqualify himself from continuing to represent Campos in this case. Doc. 931. The Government opposed the motion and requested a hearing. Doc. 932. Before that hearing occurred, Campos sent a letter to the Court complaining about the representation he received, although the vast majority of the issues pertained to his previously assigned counsel, W. Thomas Hudson, who has since retired from the practice of law. Doc. 945. Also before the hearing occurred, Mr. Hart moved to withdraw his disqualification motion. Doc. 954. On August 1, 2019, the Court held a hearing to determine the propriety of Mr. Hart's continued representation.

On that date, the Court conducted an *ex parte* inquiry into the

bases for Mr. Hart's original disqualification motion and subsequent motion to withdraw that motion. Mr. Hart explained, to the Court's satisfaction and without disclosing any privileged information, that he had reviewed the governing provisions of the applicable rules of professional conduct (*i.e.,* Rules 1.7 and 1.9 of the Georgia Rules of Professional Conduct and the ABA Model Rules of Professional Conduct, *see* S.D. Ga. L. Civ. R. 83.5(b)) and concluded that he was not disqualified from representing Campos. His motion to withdraw his earlier motion is, therefore, **GRANTED**. Doc. 954. His original motion is, therefore, **DISMISSED** as moot. Doc. 931.

At the hearing, the Court also heard from Campos about his concerns with the representation he has received. That explanation clarified that Campos' principal concern was with prior counsel, not Mr. Hart. He expressed that he was satisfied with Mr. Hart's performance, although concerns about his plea and sentencing remained. Given that explanation—to the extent that Campos' concerns even implicate Mr. Hart's representation at all—the concerns do not rise to the level of "good cause" which would justify substitution of appointed counsel. *See, e.g., United States v. Melillo*, 631 F. App'x 761, 770-71 (11th Cir. 2015)

("Good cause for substitution of counsel exists where there is a fundamental problem, such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict. . . ." (quotes and cite omitted)). To the extent that Campos letter seeks any relief, therefore, it is **DENIED**. Doc. 945.

**SO ORDERED**, this 2nd day of August, 2019.

/s/ Christopher L. Ray
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA